**Bonjean Law Group, PLLC**
1000 Dean St., Ste. 422
Brooklyn, New York 11238
Tel: (718) 875-1850
Fax: (718) 230-0582
jennifer@bonjeanlaw.com

Attorney for Plaintiff

### UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY CAMDEN VICINAGE

**STEVEN STADLER**,

    Plaintiff,

v.

**CITY OF ATLANTIC CITY; ACPD OFFICER WILLIAM MOORE; ACPD OFFICER GLENN ANTHONY ABRAMS; ACPD OFFICER JOHN DEVLIN.**

    Defendants.

13-cv-02741

### MOTION *IN LIMINE* FOR AN ORDER PRECLUDING THE DEFENDANTS FROM INTRODUCING INTO EVIDENCE PLAINTIFF'S CRIMINAL HISTORY AND DOCUMENTS RELATED THERETO

**NOW COMES**, Plaintiff by and through his counsel and respectfully moves this Court to enter an order precluding defendants from introducing evidence of, referencing, or otherwise examining any witness concerning Plaintiff's criminal history.

1. Plaintiff has an extensive criminal background dating back to the late 1980s.

2. Defendants have identified Plaintiff's entire criminal history ("rap sheet") as an exhibit on their exhibit list.

3. Plaintiff's "rap sheet" is not admissible in and of itself as it contains mere arrests

and other irrelevant information. To the extent the defendants seek to introduce evidence of Plaintiff's prior convictions and "bad acts." Plaintiff now moves to preclude the following.

4. **First**, Plaintiff moves to preclude defendants from introducing any evidence of mere arrests or reference to charges or accusations that were dismissed. Such evidence is not admissible pursuant to Fed. R. Evid. 403 and 609. *See, e.g., Prater v. City of Philadelphia*, 2012 U.S. Dist. LEXIS 128224, #11 (E.D. Pa. 2012) (holding that defendant officers failed to show evidence of Plaintiff's prior arrests and bad acts fit into a chain of logical inferences that does not point to Plaintiff's propensity to commit crimes).

5. **Second**, Plaintiff moves to preclude defendants from introducing evidence of Plaintiff's prior convictions for burglary from 1987, 1993, 1999, and 2003 pursuant to Fed. R. Evid. 609(b). These convictions are greater than 10 years old, and defendants have provided no factual basis to support the use of these old convictions. Evidence that Plaintiff is a convicted felon, guilty of committing a burglary will be evidence that is front and center in this case. The fact that he has a long history of committing petty burglaries to feed a drug addiction adds nothing to the issues the jury must decide and would serve no other purpose than to unnecessarily prejudice the Plaintiff. Thus, any probative value of these old burglary convictions is substantially outweighed by its prejudicial effect.

6. **Third,** Plaintiff moves to preclude his 1997 conviction for assault. This conviction is over 20 years old and does not bear on issues of dishonesty. Because this conviction arguably involves a claim that Plaintiff acted aggressively and is substantially similar to the conduct alleged by the defendant officers in this case, it is the rare case where a court would permit the introduction of such evidence since "there is an inevitable pressure on lay jurors to believe that if he did it before he probably did it at this time. *Prater*, 2012 U.S. Dist. LEXIS 128224 at *6.

7.     **Fourth**, Plaintiff moves to preclude introduction of his 2008 conviction for harassment. This conviction is inadmissible pursuant to Fed. R. Evid. 609(a) as it is a disorderly persons offense and not punishable for greater than a year. Moreover, the crime does not bear on issues of honesty.

8.     **Fifth**, Plaintiff moves to preclude his 2009 conviction for theft as the probative value of this evidence is outweighed by its prejudicial effect, particularly since Plaintiff is fully prepared to admit that he committed a burglary on the night of the incident. Again, the jury will be fully apprised that Plaintiff is convicted felon, guilty of committing a crime involving dishonesty.

9.     **Sixth**, Plaintiff moves to preclude the defense from admitting evidence that Plaintiff was convicted of resisting arrest in connection with this case. It is true that Plaintiff pled guilty to resisting the arrest of defendant Devlin and made certain factual statements during his plea allocution that arguably could be introduced to impeach Plaintiff if he testified inconsistent with those statements at trial. But but the mere conviction for resisting arrest as related to defendant Devlin is not admissible. Notably, Plaintiff did *not* plead guilty to resisting arrest as to defendant Abrams thus any attempt to introduce evidence that Plaintiff resisted Abrams' arrest would be misleading and improper.

10.    **Last,** Plaintiff concedes that his 2013 conviction for burglary is admissible pursuant to Fed. R. Evid. 609.

## CONCLUSION

11.    In conclusion, Plaintiff respectfully requests an order from Court precluding introduction of Plaintiff's criminal history, except for his 2013 burglary conviction. Plaintiff further seeks an order barring the defendant from attempting to introduce any other evidence of

"bad acts" by Plaintiff for which it has failed to give any prior notice.

                                          Respectfully Submitted,

                                          <u>/s/JENNIFER BONJEAN</u>