Tracy L. Riley, Esquire
Law Offices of Riley and Riley
The Washington House
100 High Street, Suite 302
Mount Holly, New Jersey 08060
(609) 914-0300
Attorney for Defendants Moore,
Devlin, and Abrams

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN M. STADLER, | : Civil Action No.: 13-cv-2741 |
| Plaintiff | |
| v. | |
| | : **OPPOSITION TO PLAINTIFF'S** |
| CITY OF ATLANTIC CITY, | : **MOTIONS IN LIMINE AND CROSS-** |
| GLENN ABRAMS, JR.; JOHN A. DEVLIN; | : **MOTION TO BAR REFERENCE TO** |
| AND WILLIAM MOORE, | : **OFFICERS' IA HISTORY AND BAR** |
| | : **TESTIMONY OF WITNESSES IDENTIFIED** |
| Defendants | : **HEREIN, MOTION TO BAR PLAINTIFF'S** |
| | : **COUNSEL FROM STATING SPECIFIC** |
| | : **PREJUDICIAL AND IRRELEVANT REMARKS** |

TO:  Jennifer Bonjean, Esquire
     1000 Dean Street, Suite 422
     Brooklyn, NY 11238

**PLEASE TAKE NOTICE** that on February 13, 2018, at 9:00 a.m. or as soon thereafter as counsel may be heard, defendants, by and through their attorney, Tracy L. Riley, Esquire, shall move before the United States District Court, at the Mitchell H. Cohen Building and United States Courthouse, Fourth and Cooper Streets, Camden, New Jersey, for an Order denying Plaintiff's *Motions in Limine* and Granting Defendants' Cross- Motions.

**PLEASE TAKE FURTHER NOTICE** that defendants hereby request oral argument.

Plaintiff has filed three Motions *in Limine*. First, Plaintiff moves to preclude Defendants from introducing evidence involving Plaintiff's criminal history. Second, Plaintiff seeks an Order permitting Plaintiff to introduce evidence related to Officer Abrams's Internal Affairs history. Finally, Plaintiff has moved for an Order permitting Plaintiff to introduce evidence related to Officer Devlin's Internal Affairs history. Defendants oppose these motions for the reasons contained herein. Further, Defendant's cross-move *in limine* to preclude reference to the defendant officers' IA history and to bar the testimony of several witnesses who Plaintiff has subpoenaed to testify. Finally, Defendants move to bar Plaintiff's counsel from making certain prejudicial and irrelevant statements.

### A. Plaintiff's Criminal History

In considering motions in limine, "[t]he Federal Rules of Evidence can aptly be characterized as evidentiary rules of inclusion, which are designed to broadly permit fact-finders to consider pertinent factual information while searching for the truth." Univac Dental Co. v. Dentsply Int'l, Inc., 268 F.R.D. 190, 196 (M.D. Pa. 2010). All relevant evidence is admissible unless otherwise stated by the Constitution, statue or other Federal Rules. FED.R.EVID. 402;

Rule 609 of the Federal Rules of Evidence governs the admissibility of a witness's prior convictions for impeachment purposes. Rule 609(a) provides:

> (a) General Rule. For the purpose of attacking the credibility of a witness,
>
> (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was

> punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and
>
> (2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.

First, Defendants do not intend to introduce evidence of Plaintiff's convictions prior to 2009. While Defendants reserve the right to impeach Plaintiff with respect to his criminal history should he open the door, paragraphs 4-7 of Plaintiff's motion [Doc. No. 210] are not currently in dispute.  However, defendants assert that Plaintiff's 2009 felony conviction for third degree theft is admissible under a R. 609 analysis.

In this case, Plaintiff has a 2009 felony conviction for third degree theft. Plaintiff asserts that the probative value of the conviction is "outweighed by it's prejudicial effect". Plaintiff ignored the real operative phrase pertaining to this analysis- which is *unfair* prejudice. Plaintiff cannot show unfair prejudice. Of course, there could be prejudice whenever there is evidence of a conviction. However, the rules of evidence provide for the admissibility of the 2009 conviction. The fact that Plaintiff will admit that he committed burglary on the night of the incident does not limit or preclude reference to the 2009 conviction.

Plaintiff moves to preclude his 2013 conviction of resisting arrest in connection with this case. He asserts that the "mere" conviction for resisting arrest as related to Officer Devlin is not admissible. Defendants disagree. This is an excessive force case wherein

Plaintiff pled guilty to resisting arrest. There is no exclusion under R. 609 for that conviction.

Moreover, Plaintiff admits that he *pled guilty* to resisting arrest. He set forth a factual basis on the record, under oath. Defendants assert that Plaintiff's conviction for resisting arrest is admissible.

Plaintiff failed to disclose other convictions. Defendants also intend to use the most recent convictions of October 2017 including burglary and resisting arrest.

### B. Opposition to Plaintiff's Motions to Introduce Evidence "Related" to Officers' Internal Affairs History and Cross- Motion to Bar same

Defendants are in receipt of two other motions filed by Plaintiff [Doc. 209] & [Doc. 212]- one pertaining to Defendant Officer Abrams and one pertaining to K9 Handler Officer Devlin. First, Plaintiff begins both motions by seeking to introduce evidence "related" to the Atlantic City Police Department's Early Warning System. Plaintiff broad-brushes his entire argument in this respect. Plaintiff uses overly broad terms such as, "Plaintiff will show" and "Plaintiff will introduce evidence to prove this point". This is a case involving literally tens of thousands of documents and countless depositions. Plaintiff's motion is far too broad and essentially seeks unlimited authorization to introduce information that Defendants would argue has no relevance to this case. The Court must not permit Plaintiff to broad-brush a topic such as the Early Warning System, which, if permitted, <u>will</u> lead to multiple trials within this trial.

Plaintiff asserts that he will show that "although Atlantic City "counted" internal affairs complaints, it did nothing to identify patterns among its officers who triggered the EWS". See [Doc. No. 209] p. 2 This analysis must begin with the New Jersey Attorney General Guidelines, which provides the purpose of the early warning system. The 2011

New Jersey Attorney General Guidelines provide, "In order to enhance its integrity, provide an optimal level of service to the community and reduce it's exposure to civil liability, every law enforcement agency **should** establish procedures for dealing with problem employees". <u>See</u> 2011 NJ Attorney General Guidelines Internal Affairs Policy and Procedure (emphasis added)

Taking that purpose into consideration, Defendants assert that 1.) The NJ Attorney General Guidelines do not even *require* an Early Warning System, but rather recommend one, and 2.) There is no evidence from the Early Warning System from which one could conclude that there is a "problem employee". The early warning "memos" that have been produced in discovery simply identify an officer, an IA number, the type of IA complaint, and the disposition. There is no analysis as to the actual cases, no analysis as to the actual investigation, and to date, no expert opinion as to the validity of the underlying investigations. Therefore, Defendants assert that discussion of the early warning system is not relevant to the case at hand.

As will be discussed below, Plaintiff in this case demanded- and the Court ordered the production of over 2,000 confidential Police Internal Affairs files. Plaintiff's proffered expert provided a report containing an analysis (which is mostly statistical in nature) as to <u>only 33 IA files</u>. Accordingly, there is no analysis as to the validity of the investigations pertaining to the IA cases listed on a given early warning memo, or the Defendant officers' IA cards.

The Atlantic City Police Department has had some "early warning" mechanism in place since at least the early ninety's. Whether it be called "early warning system", "risk management", or "records review" depends on the given year or policy. The Atlantic City

Police Department's policies with regard to the early warning mechanism vary. For example, the policies are different pre-2010 from 2010-2012, which is different from 2012 to the present. Whatever early warning system evidence Plaintiff seeks to introduce will require both an analysis of each and every IA investigation (including testimony from each IA investigator) as well as an analysis of the policy at the time. Defendants assert this will needlessly lead to numerous trials within a trial and will result in an undue consummation of time. What is more, the Defendant Officers assert that evidence pertaining to the early warning system will result in unfair prejudice. Attacking this mechanism could result in the unfair inference that ACPD did something wrong- when the mechanism was not even required in the first place. For these reasons, Defendants assert that evidence relating to the early warning system should not be permitted. It is not relevant to the case at hand because no analysis of the IA investigations has been performed. It is unfairly prejudicial to the defendant officers. In the alternative, Plaintiff's motion should be denied as pre-mature and vague. Defendants should have the right to assert an objection to specific evidence as Plaintiff attempts to introduce it. Plaintiff should not be given "free reign" to introduce whatever evidences he chooses as it "relates" to the early warning mechanism.

### i. The Defendant Officers' Internal Affairs History

Plaintiff next seeks to introduce evidence of past internal affairs complaints made against Defendant Officers Abrams and Devlin. Defendants oppose this evidence as unfairly prejudicial.

Plaintiff identifies three specific IA complaints as it pertains to Officer Abrams. [Doc. No. 209 at p. 4] Plaintiff seeks to introduce evidence pertaining to IA files 09-163; 09-168; and 12-268.

First and foremost, there is no IA file numbered 12-268.  IA file 09-163 has to do with a complaint of standard of conduct and theft. This 2009 IA complaint has nothing to do with a complaint of excessive force, or the use of force at all- which is the issue in this case. IA 09-168 involves a 2009 administrative complaint by former Chief Mooney for neglect of duty and possession of CDS (contraband was allegedly not inventoried properly). Again, this complaint has nothing to do with an allegation of excessive force. Therefore, Defendants assert this evidence is irrelevant to the instant case and would result in unfair prejudice.

What is more, there has been absolutely no analysis as to the investigations into these matters. Plaintiff's proffered expert does not opine as to validity of these investigations and whether the investigations conformed to the Attorney General guidelines. Should this information be introduced at trial, Defendants would then seek to elicit testimony as to the facts of each complaint and elicit testimony as to each investigation, again, resulting in numerous trials within a trial. Plaintiff was given enormous latitude during the discovery period of this case and, as noted above, received (via Court-Order) over 2,000 confidential files.  <u>Plaintiff's expert does not provide an analysis of *any* of the IA files Plaintiff seeks to use from the Defendant Officers' IA histories.</u> As it pertains to the defendant officers' IA histories, Plaintiff's expert focuses purely on statistics with no analysis into the actual investigations of the cases. Therefore, if the

investigations are proper and the dispositions justified, how is it relevant or not prejudicial to discuss these complaints?

Plaintiff goes on to seek to introduce evidence pertaining to eight additional IA Complaints made against Officer Abrams. While these files do involve allegations of excessive force, again, Plaintiff's expert has provided no analysis of the actual investigations with respect to these complaints. While Plaintiff concedes that practically, it is unlikely that he will call all eight complainants to testify, as another practical matter, the parties do not know what complainants will actually appear to testify. This is clearly a maneuver to mislead the jury from the facts of Plaintiff's case. To be sure, if Plaintiff is permitted to reference other IA complaints made against the defendant Officers, Defendants will seek to elicit testimony as to the facts of each case, including each complainant's criminal dispositions, if applicable, and elicit testimony from each IA investigator.

As it pertains to Defendant Officer John Devlin, Plaintiff seeks to introduce evidence as to six (6) IA files. Again, Plaintiff's expert performed no analysis into these investigations. Plaintiff's expert report with respect to the individual officers is limited to the type of complaint, the number of complaints, and dispositions. Plaintiff's expert does not comment on and does not opine whether the investigations conformed to the applicable guidelines. Therefore, with no expert testimony as to the investigations, evidence "relating" to the underlying complaints should be barred. Additionally, the Defendant Officers assert that any evidence offered to suggest that Atlantic City "rewarded" officers with "lengthy" complaint histories by appointing them to the "prestigious" K9 unit is unfairly prejudicial. How can Plaintiff support such a fanciful and nonsensical theory

with no expert analysis into the investigations of IA complaints? Defendants assert he cannot and Plaintiff's motion should be denied in that respect.

Plaintiff seeks to introduce evidence pertaining to IA file 13-076. This alleged incident took place after the incident involving Plaintiff. Specifically, this file involves an incident that took place on April 24, 2013. Therefore, Defendants assert that any information pertaining to this file should be barred, as it is not relevant to the instant case.

### C. Defendants' Motion to Bar the Testimony of Numerous Subpoenaed Witnesses

The Defendant Officers move *in limine* to preclude the testimony of several witnesses to whom Plaintiff has served or attempted to serve with subpoenas to testify at trial. The Court may be aware that Plaintiff identified 154 witnesses in his portion of the Joint Final Pre-trial Order. Of those identified, Plaintiff has issued 41 subpoenas to various witnesses- the majority of whom have nothing to do with the underlying incident. Defendants move to preclude the testimony of the following individuals on grounds of relevance and/or unfair prejudice:

**Atlantic City Police Department Employees**:
Officer Joseph Rodriguez;
Officer Michael Oldroyd;
Officer Sterling Wheaten;
Officer Stephen Cupani;
Sgt. Frank Timek

**Atlantic City Administration**
Former Mayor Lorenzo Langford;
Current Chief of Police Henry White (was not the chief at the time of this incident);
Former Chief of Police Mooney(was not the chief at the time of this incident and proffered testimony involves the suspension of K9s in 2009.)

**Defendant Officer Devlin's ex-wife**
Jessica Bedsole (identified as Jessica Devlin in the JFPO)- Officer Devlin's ex-wife has no relevant testimony with regard to the instant case.

The above individuals have absolutely nothing to do with the case at hand. To the extent that Plaintiff indicates these individuals will provide testimony relevant to his Monell claim, Defendant Officers object on grounds of unfair prejudice. Plaintiff's expert performed an analysis of only 33 IA files. Plaintiff should not be permitted to subpoena any officer from ACPD and subject him or her to questioning about his/her IA history. Plainitff had the opportunity for his expert to provide an analysis and failed to do so. If this is permitted, again, Defendants will seek to elicit the facts from each IA case, elicit testimony from each investigator and even seek to add rebuttal witnesses. This position is not intended to be disrespectful of the Court's time. It is simply a position for a reasonable defense if Plaintiff is permitted to use complaints and numbers without anything further support. In the alternative, Defendant Officers renew the bifurcation application.

Moreover, for the reasons stated above, Defendants move to preclude the following IA Complainants who have been subpoenaed by Plaintiff:

Leon Henry;
Tyre Davis;
Robert Creek;
James Hill;
Jermain Elliot;
Khali Nelson;
Julius Baldwin; and
Michael Veneziani.

Notably, Plaintiff has identified several witnesses on his portion of the Joint Final Pre-trial Order whom his counsel represents/represented in former and/or current litigation. These witnesses include, but are not limited to:

David Connor Castellani;
Julius Adams;
Charlie Harrison; and

Anthony Moore.

Defendants are not in receipt of subpoenas that have been issued to these individuals, but object to their testimony nonetheless. In the event that any of these individuals appear to testify without notice to defense counsel, Defendants request an opportunity to be heard outside of the presence of the jury to address these objections.

**D.     Motion to Bar Plaintiff's Counsel from Making Certain Irrelevant and Prejudicial Comments**

Defendants move *in limine* to preclude Plaintiff's counsel from referencing her opinions of law enforcement and referencing any information pertaining to any of her personal family or friends employed in law enforcement in the presence of the jury. Defendants move to preclude counsel from indicating to the jury that she is a "fighter for what is right". Said reference is improper and irrelevant.

Defendants move *in limine* to preclude Plaintiff's counsel from utilizing overly hyperbolic language in her opening statement or closing argument. Specifically, Defendants move to preclude any statements or reference comparing this case or the City of Atlantic City or the Atlantic City Police Department to "1950's Alabama". Said reference or any similar reference is improper an unfairly prejudicial.

**Conclusion**

For all of the reasons contained herein, Defendants respectfully request this Court deny Plaintiff's Motions *in limine* and grant Defendant's Cross- Motions.

Respectfully submitted,

**Law Offices of Riley and Riley**

   /s/Tracy L. Riley
Tracy L. Riley, Esquire

Dated: February 11, 2018