**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| STEVEN M. STADLER, : | |
| : | |
| Plaintiff, : | |
| : | Civil Case No.: 13-cv-2741(RBK/AMD) |
| v. : | |
| : | |
| CITY OF ATLANTIC CITY; GLENN : | |
| ABRAMS, JR.; JOHN A. DEVLIN; : | |
| AND WILLIAM MOORE, : | |
| : | |
| Defendants. : | |
| : | |

**DEFENDANT CITY OF ATLANTIC CITY'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S IN LIMINE MOTIONS**

Morrison Kent Fairbairn, Esquire
**MICHAEL A. ARMSTRONG & ASSOCIATES, LLC**
79 Mainbridge Lane
Willingboro, New Jersey 08046
(609) 877-5511
On behalf of the City of Atlantic City

**LEGAL ARGUMENT**

Defendant City of Atlantic City opposes Plaintiff's in limine motions to preclude Defendants from introducing Plaintiff's criminal history for the reasons stated herein as well as the reasons argued by Defendant Officers.

**A. Evidence of Plaintiff's Convictions Should Be Permitted.**

Defendant City will not be seeking to admit evidence of convictions prior to 2009. Pursuant to Fed. R. Evid. 609(a)(1), however, Defendants are permitted to attack plaintiff's credibility through evidence of his 2009 conviction for third degree theft. In order to preclude the admissibility of this evidence Plaintiff must show that the permissible purpose of attacking plaintiff's credibility is outweighed by unfair prejudice. The fact that the jury will hear that Plaintiff is a convicted felon for committing a crime of dishonesty is not unfair prejudice, but precisely the category of prejudice contemplated by the rule.

Likewise, the conviction for resisting arrest in connection with the instant case is admissible. While a conviction is ordinarily probative of a party's credibility, Plaintiff's conviction for resisting arrest as a result of the arrest at issue in this case is highly probative of whether Plaintiff's version of events should be credited over that of the Defendant Officers. Accordingly, any prejudice to Plaintiff cannot

outweigh the probative value of his conviction for resisting arrest.

## B. Evidence Related to Defendant Abram's Past Internal Affairs History Should Be Excluded.

The City also opposes the admissibility of the unspecified evidence of internal affairs complaints Plaintiff seeks to introduce. Plaintiff's expert did not address the legal issues raised in Plaintiff's in limine motion as a basis for admitting the evidence. Plaintiff's experts dealt with statistics and associated inferences.

None of Plaintiff's experts went as far as to declare what discipline should have been taken by the City in response to any individual or set of complaints as Plaintiff now attempts to argue to make these investigations relevant. Clearly the appropriate discipline for particular police department rule violation or whether specific conduct constitutes a rule violation or "official misconduct" is beyond the kin of the average juror. Without expert testimony to explain these matters, evidence submitted to support them is improper.

With regards to Plaintiff's argument that the internal affairs evidence is relevant for proving that criminal matter were investigated as administrative matters, the County of Atlantic is not a party to this case. As the deposition

3

testimony in this matter has established, it is the County Prosecutor's decision whether or not to investigate an internal affairs complaint as a criminal complaint or grant "use immunity." The Atlantic City Police Department has no legal authority to override that decision and confusing a jury to think otherwise is improper. Plaintiff's experts have not opined to the contrary.

The City agrees that testimony from other complainants who have filed internal affairs files will require trials within trials that will only serve to confuse the issues for the jury and unnecessarily lengthen this trial at the expense of both the City and the Court's resources. In particular, Plaintiff seeks to introduce allegations of coercion and carelessness by investigating detectives through the complainants in these unrelated investigations that will require a credibility determination by the jury on issues far removed from Plaintiff's excessive force Monell claim.

It may be that the officers involved in these past Internal Affairs complaints are no longer under the control of the City and many of the witnesses involved may be unavailable. Therefore, these proposed mini trials will be unduly prejudicial to the City and irrelevant to the ultimate issues before the jury. Moreover, respectfully, an instruction to the jury would not be able to cure the prejudice and confusion that would

4

result from cumulative evidence allegations of inadequate investigations by lay witnesses.

                              Respectfully submitted,

                              **MICHAEL A. ARMSTRONG & ASSOCIATES, LLC**

                              By: ***/s Morrison Kent Fairbairn***
                                   Morrison Kent Fairbairn, Esquire
                                   Attorney for Defendant Atlantic City

Dated: February 12, 2018