IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| Steven M. STADLER,<br><br>      Plaintiff,<br>  v.<br><br>Glenn ABRAMS, JR., *et al.*,<br><br>      Defendants. | Civil No. 13-2741 (RBK/AMD)<br><br>**OPINION** |

**KUGLER**, United States District Judge:

This matter comes before the Court on Plaintiff's Bill of Costs (ECF No. 292) after this Court previously ordered Plaintiff to present invoices for costs pursuant to 28 U.S.C. § 1920, 42 U.S.C. § 1988, and L. Civ. R. 54.1. (*See* ECF No. 290.) The Court finds that all the expenses that Plaintiff seeks are taxable save for the daily trial transcripts, and awards $32,135.08.

**I.  BACKGROUND**

The relevant facts were recently summarized in this Court's last opinion on attorney's fees and have not drastically changed. (*See* ECF No. 290.) In brief, Plaintiff prevailed on claims of excessive force and municipal liability pursuant to 28 U.S.C. § 1983 and *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978), and seeks costs from Defendants, in addition to the attorney's fees that this Court has already awarded. This Court previously declined to tax Plaintiff's initial request for costs of $148,772.38 because Plaintiff had failed to include invoices with his initial application and had not sufficiently briefed the matter. (*Id.* at 31.) Plaintiff has since submitted an amended Bill of Costs, inclusive of "expenses" under 42 U.S.C. § 1988, for a substantially lower sum of $56,009.33. We address the particulars of the Bill of Cost below.

1

## II. DISCUSSION

In this Circuit, there is a strong presumption that costs should be awarded to the prevailing party, and "'[o]nly if the losing party can introduce evidence, and the district court can articulate reasons within the bounds of its equitable power, should costs be reduced or denied to the prevailing party.'" *Reger v. Nemours Found., Inc.*, 599 F.3d 285, 288 (3d Cir. 2010) (quoting *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 468 (3d Cir. 2000)). The rationale behind this presumption is that the denial of costs is tantamount to a penalty. *Id.* at 288–289 (citing *ADM Corp. v. Speedmaster Packaging Corp.*, 525 F.2d 662, 665 (3d Cir. 1975)). The taxing of costs is within the discretion of the district court. *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 458 (3d Cir. 2000) (citations omitted).

Despite this strong presumption, courts do not have unfettered discretion to grant costs under Rule 54(d) and their ability to grant costs is statutorily circumscribed. The United States Supreme Court has ruled that absent express statutory authorization, courts may reimburse only those costs that are enumerated in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). Section 1920 has been narrowly construed to permit taxing of only the following costs:

1) Fees of the clerk and marshal;
2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
3) Fees and disbursements for printing and witnesses;
4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
5) Docket fees under section 1923 of this title;
6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees expenses, and costs of special interpretation services under section 1928 of this title.

The Supreme Court recently reinforced its *Crawford Fitting* holding in *Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S. 560 (2012), in which § 1920(6)'s provision for the "compensation of

3

interpreters" only extended to the costs of courtroom interpreters, and not to the costs of oral translation. In denying the cost of document translation, the Court noted that its decision was "in keeping with the narrow scope of taxable costs." *Id.* at 573.

Plaintiff seeks a total of $56,009.33 in costs divided between trial transcripts ($23,874.25), deposition transcript ($26,978.59), expert costs ($2,660.36), subpoenas ($729.94), and a set of miscellaneous "expenses" under 42 U.S.C. § 1988 that includes copying, Fed-Ex, medical records, and parking (totaling $1,766.19). (Br. at 12.) Defendant concedes that costs for experts, subpoenas, and the miscellaneous § 1988 "expenses" are proper. (Opp'n at 1.) Thus, the costs related to these concessions are accordingly granted to Plaintiff. But Defendant strenuously objects to the big-ticket items, namely the costs for daily trial transcripts and the costs for deposition transcripts.

### A. Trial Transcripts

A party can be reimbursed for trial transcripts that are "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). "[W]hether something is 'necessarily obtained for use in the case,' . . . inevitably calls for a factual evaluation. Common sense is compelling that Congress committed that task to the District Judge." *United States v. Kolesar*, 313 F.2d 835, 838–39 (5th Cir. 1963).

In addition to § 1920, this district's local rules also set forth when a trial transcript is recoverable as a cost:

> The cost of a reporter's transcript is allowable only (A) when specifically requested by the Judge, master, or examiner, or (B) when it is of a statement by the Judge to be reduced to a formal order, or (C) if required for the record on appeal. Mere acceptance by the Court of a submitted transcript does not constitute a request. Copies of transcripts for an attorney's own use are not taxable in the absence of a prior order of the Court. All other transcripts of hearings, pretrials and trials will be considered by the Clerk to be for the convenience of the attorney and not taxable as costs.

L. Civ. R. 54.1(g)(6).

The line between what is "for the convenience of the attorney" and what is "necessarily obtained" can be difficult to draw. As a matter of strict logical necessity, though, there are only a few instances where it is absolutely necessary to get trial transcripts for their use at trial. Strictly construed, the use of daily trial transcripts would not be "necessary" whenever a party could achieve a similar result with a viable alternative. Note-taking at trial is routine—indeed, expected—and thus many courts limit recovery of costs for daily transcripts when a party could have simply taken notes and achieved the same outcome without burdening a losing opponent with costs that could have easily been avoided. "Typically, for the purpose of cross-examination, attorneys take[] notes during the trial," *John G. v. Bd. of Educ. of Mount Vernon Pub. Sch.*, 891 F. Supp. 122, 123 (S.D.N.Y. 1995), and "[t]he mere convenience [of daily transcripts] to counsel is insufficient to justify the taxation of costs." *Smith v. Board of Sch. Comm'rs of Mobile County*, 119 F.R.D. 440, 444 (S.D. Ala. 1988). *See also Galella v. Onassis*, 487 F.2d 986, 999 (2d Cir. 1973) (holding that award of "premium cost of daily transcripts" requires showing of "necessity—beyond the mere convenience of counsel"); *Bucalo v. E. Hampton Union Free Sch. Dist.*, 238 F.R.D. 126, 129 (E.D.N.Y. 2006) ("it is not necessary for counsel to rely on a trial transcript when counsel can take notes during trial in order to prepare for cross examination and summation.") (citing cases); *John G. v. Board of Ed. of Mt. Vernon Public Schools*, 891 F. Supp. 122, 123 (S.D.N.Y. 1995) ("Daily transcripts of trial testimony are not customary.") (citation omitted).

This district's local rules are a procedural reflection of this substantive law, "in keeping with the narrow scope of taxable costs." *Taniguchi*, 566 U.S. at 573. Per Rule 54.1, the cost of a reporter's transcript is limited to (a) court requests, (b) the transcript of a judicial order, or (c) appeal. Plaintiff does not argue that he used the daily trial transcripts for any of these purposes.

At first blush, then, Plaintiff has failed to demonstrate that these daily trial transcripts were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2).

But Rule 54.1 is not necessarily dispositive. However faithfully it reflects substantive law, a rule of procedure cannot abridge 28 U.S.C. § 1920 by defining "necessarily obtained for use in the case" to exclude certain categories of necessity that might otherwise be within the statute's meaning. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 92 (1938). The rule merely offers guidance, and for that reason, the Court may waive the rule where appropriate. "A district court can depart from the strictures of its own local procedural rules where (1) it has a sound rationale for doing so, and (2) so doing does not unfairly prejudice a party who has relied on the local rule to his detriment." *United States v. Eleven Vehicles, Their Equip. & Accessories*, 200 F.3d 203, 215 (3d Cir. 2000). As Defendant does not claim detrimental reliance on the procedure set forth by the local rule—rather, it makes a substantive assault on Plaintiff's use of the daily transcripts—the Court may properly consider whether there is a sound rationale to depart from this rule.

As we have noted, most authority has concluded that trial transcripts used for trial and summation are not "necessarily obtained for use in the case." But there is a line of cases that regard the use of daily transcripts as "necessarily obtained" when a trial is long and complex, when the parties and court rely on the transcripts, and when the trial transcripts were used in post-trial briefing. *See Jo Ann Howard & Assocs., P.C. v. Cassity*, 146 F. Supp. 3d 1071, 1081 (E.D. Mo. 2015) (citing cases). Most of these cases are not directly applicable here, though. In *McDowell v. Safeway Stores, Inc.*, 758 F.2d 1293, 1294 (8th Cir. 1985), the Eighth Circuit found that transcripts were "necessary to prepare proposed findings of fact and conclusions of law" when "requested by the trial judge." As we noted with respect to Rule 54.1, though, this Court never requested the transcripts, even if they were provided to it, and it did not prepare findings of fact or conclusions

6

of law. And although this trial was long and relatively complex, Plaintiff had two lawyers during the entirety of trial, one of whom was capable of taking notes the entire time. What's more, the transcripts were used only modestly in post-trial briefing—only a few passages in 3,293 pages of transcripts.

We also note that Plaintiff's request for the taxation of daily trial transcripts is very broad. He seeks costs for every day of trial, without making an effort to distinguish between those costs that really were necessary, those that were merely convenient, or even those that were simply superfluous. But many cases that tax costs for the use of daily trial transcripts do so only for specific days, not the entirety of trial. *See, e.g.*, *Montgomery Cty. v. Microvote Corp.*, Civ. No. A.97-6331, 2004 WL 1087196, at *5 (E.D. Pa. May 13, 2004) (taxing costs only for daily copies of the trial transcripts for openings, a day of testimony, and summation, not the entirety of the two-week trial).

Thus, after receiving briefing on the matter, the Court cannot conclude that § 1920 permits the award of $23,874.25 in costs in these circumstances. Given the strict construction of § 1920 set forth by *Taniguchi*, 566 U.S. at 573, Defendant cannot be asked to pay for a transcript that was was only convenient, not necessary. Plaintiff was on notice as to Rule 54.1's requirements and the Court sees no sound rationale to depart from the local rules in this instance. The Court thus declines to tax costs for daily trial transcripts.

### B. Deposition Transcripts

The last time this Court considered costs, it noted that many deposition transcripts were relied on at trial, but the absence of invoices rendered scrutiny impossible. Plaintiff has since pared down his request after submitting invoices and an exhaustive accounting of the use of these depositions during the trial. He now seeks a total of $26,978.59 in costs for depositions of

7

individuals who testified at trial or worked for Atlantic City. Defendant argues, without specificity, that many of these were not necessary and, alternatively, that their costs should be defrayed across the several matters that Plaintiff's counsel has pending against the City of Atlantic City. Defendants also object to costs related to shipping and handling of the depositions.

The costs of discovery are broadly recoverable under § 1920, and depositions are no different. The mass of authority does not require a deposition transcript to be "absolutely indispensable" to be taxable as a cost. *See, e.g.*, *Majeske v. City of Chicago*, 218 F.3d 816, 825 (7th Cir. 2000) ("the introduction of testimony from a transcript is not a prerequisite for finding that it was necessary."); *Indep. Tube Corp. v. Copperweld Corp.*, 543 F. Supp. 706, 717 (N.D. Ill. 1982) ("If a deposition appeared to be reasonably necessary 'in light of the particular situation existing at the time it was taken,' the cost of a deposition may be taxed even if the witness was not called at trial or the deposition used at trial and even if the deposition was a discovery deposition only.") (internal citations omitted) (citing *Dorothy K. Winston & Co. v. Town Heights Development, Inc.*, 68 F.R.D. 431, 434 (D.D.C. 1975)). Generally speaking, "a deposition taken within the proper bounds of discovery . . . will normally be deemed to be 'necessarily obtained for use in the case,' and its costs will be taxed unless the opposing party interposes a specific objection that the deposition was improperly taken or unduly prolonged." *Jeffries v. Georgia Residential Finance Authority*, 90 F.R.D. 62, 63 (N.D. Ga. 1981) (citing *Federal Savings and Loan Insurance Corp. v. Szarabajka*, 330 F. Supp. 1202, 1210 (N.D. Ill. 1971)).

Defendant objects to the breadth of the depositions pursued by Plaintiff, arguing that many of Plaintiff's requested depositions were ultimately unnecessary. "[C]osts for depositions obtained for the convenience of counsel or for investigatory or discovery purposes [that] are not used or intended for use at trial may not be taxed." *Adams v. Teamsters Local 115*, 678 F. Supp. 2d 314,

325 (E.D. Pa. 2007). But the nature of Plaintiff's prevailing *Monell* claim, 436 U.S. at 690, imposes a heavy burden on defendant to identify why these depositions were not necessary. *Monell* claims are often expansive: they encompass a broad range of actors and policy considerations which makes much discovery relevant, a tendency borne out by the lengthy proceedings in this case. And at both oral argument and in supplemental briefing, Defendant failed to articulate which depositions were not used for this case.

Defendant makes another argument: the Court should divide the costs of these depositions among four or five other cases that Plaintiff's counsel are or were litigating against the City of Atlantic City. It is true that Plaintiff cannot recoup duplicate cost awards. *See, e.g.*, *Ortho-McNeil Pharm., Inc., v. Mylan Labs.*, 569 F.3d 1353, 1358 (Fed. Cir. 2009). But Plaintiff's counsel have repeatedly stated, at oral argument and elsewhere, that they have no intention of seeking duplicative cost awards. And even if they did, Defendant would be well-positioned to argue against double taxation should Plaintiff's counsel attempt to do so at a future time. *See also* Fed. R. Civ. P. 11. Moreover, the proposed methodology for dividing these costs is crude and unwieldy—Defendant simply asks this Court to divide deposition costs by the number of cases, without regard for their relevance or utility. If Plaintiff has not taxed and will not seek to tax costs in other matters, then there is no reason why he should not be entitled to tax costs in this one. What's more, Defendant has not refuted the basic presumption that these depositions are just as necessary to this case as they may be to others. The Court will therefore tax costs for the entirety of the deposition transcripts that Plaintiff requests.

Finally, Defendant is correct that 28 U.S.C. § 1920 does not permit recovery of $726.05 in shipping costs for Plaintiff's depositions.[1] *See, e.g.*, *New Jersey Manufacturers Ins. Grp. v. Electrolux, Inc.*, Civ. No. A. 10-1597 (AET), 2013 WL 5817161, at *8 (D.N.J. Oct. 21, 2013) (noting that shipping costs are not recoverable under § 1920, and citing cases). These expenses are, however, recoverable under the Third Circuit's construction of 42 U.S.C. § 1988, under which many expenses are "attorney's fees," not "costs." *See Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1225 (3d Cir. 1995). Among these expenses are postage. *Id.* As such, the shipping "expenses" are awardable under § 1988.

In short, the entirety of Plaintiff's costs and "expenses" for deposition transcripts shall be taxed and awarded, a sum of $26,978.59.

### III. APPORTIONMENT

Although not raised by the parties at any time in this litigation, the Court finds that apportionment of fees and costs is appropriate.

This Court has broad discretion to determine the allocation of attorney's fees and costs among multiple defendants. *See In re Paoli*, 221 F.3d at 468–69. In allocating attorney's fees and costs among multiple defendants, a district court "should make every effort to achieve the most fair and sensible solution that is possible." *Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 960 (1st Cir. 1984). This power to apportion between parties also includes the power to divide costs among the losing and winning parties in a case involving multiple defendants. *In re Paoli*, 221 F.3d at 469. In dividing costs among multiple parties on one side of the bar—either prevailing or

---

[1] Four deposition transcripts do not include costs for shipping and, as neither party has addressed this, the Court will not infer shipping costs that are not stated in the invoices.

non-prevailing—this Court may choose to impose costs jointly and severally or to disaggregate costs and to impose them individually. *Id.*

Given the disparity in damages awarded by the jury against Defendants—$500.00 against John Devlin and $300,000 against the City of Atlantic City—the Court finds that both the attorney's fees and the costs that is has awarded and taxed should be similarly distributed among the defendants who were found liable. Thus, John Devlin, whose damages are only 0.166% of the total damages awarded in this action, shall be liable for fees and costs to the same degree. Atlantic City shall be correspondingly liable for 99.834% of the fees and costs awarded in this litigation.

## IV. CONCLUSION

The Court finds that all of Plaintiff's requested costs are awardable under 28 U.S.C. § 1920 and 42 U.S.C. § 1988 save for the daily trial transcripts, which are not "necessarily obtained for use in the case" under the strict construction set by the Supreme Court. The Court will therefore award $32,135.08 in costs and "expenses" to Plaintiff. In addition, and to the extent this Court's last order does not make this clear, all fees and costs shall be entered against Defendants in the proportions we have identified. An order follows.

Dated: August 17, 2018                      /s Robert B. Kugler
                                                                      ROBERT B. KUGLER
                                                                      United States District Judge