IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| STEVEN M. STADLER, : | |
| : | |
| Plaintiff, : | Civil No. 13-2741 (RBK/AMD) |
| : | |
| v. : | **Opinion** |
| : | |
| CITY OF OCEAN CITY, *et al.*, : | |
| : | |
| Defendants. : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon letters filed by the parties in accordance with the Court's Order dated December 12, 2022 (ECF No. 322). Defendant City of Atlantic City requests reimbursement for the costs and fees associated with its Motion to Mark Judgment Satisfied (ECF No. 318) in the amount of $4,602.00. Ms. Jennifer Bonjean, counsel for Plaintiff, objects to this amount on the basis that the number of hours billed is unreasonable. (ECF No. 321).

I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case originated on April 29, 2013, when Plaintiff filed his complaint. A jury found in favor of the Plaintiff on March 15, 2018. Post-judgment motions and appeals followed. After post-judgment motions for attorneys' fees were resolved in July of 2020, no further motions were filed until October 20, 2022, when Defendant City of Atlantic City filed a Motion to Mark Judgment as Satisfied (ECF No. 318). In support of that Motion, Defendant attached as exhibits email threads between Defendant's and Plaintiff's counsel. In these emails, counsel for Defendant, Mr. Fairborn, first requested that Ms. Bonjean sign a warrant of satisfaction of

judgment on July 16, 2021. (ECF No. 318-11). After a few back-and-forth emails, Ms. Bonjean failed to respond to Mr. Fairborn's multiple follow-up requests. (*Id.*). On August 8, 2021, Ms. Bonjean stated that she had no obligation to sign the warrant of satisfaction, despite acknowledging that she had "no reason to believe that the judgment has not been satisfied." (*Id.*).

On December 12, 2022, this Court granted Defendant's Motion to Mark Judgment Satisfied and agreed with Defendant that it was entitled to recover the attorneys' fees and costs of filing the motion under 28 U.S.C. § 1927. (ECF No. 322). We ordered the parties to file documents regarding the amount of fees and costs to be rewarded. (*Id.*).

## II.   LEGAL STANDARD

28 U.S.C. § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

We determined in our previous Order that Ms. Bonjean's conduct multiplied the proceedings in this case unreasonably and vexatiously. (ECF No. 322 at 2). Therefore, the only issue remaining is the determination of "the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

The burden of proving that a request for attorney's fees is reasonable rests on the party seeking the fees. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). To satisfy this burden, the petitioner must "submit evidence supporting the hours worked and rates claimed." *Id.* (quoting *Hensley*, 461 U.S. at 433). The district court is afforded a "great deal of discretion" to adjust the awarded fee in light of the opponent's objections. *Id.* However, "[t]he court may not reduce an award *sua sponte*; rather, it can only do so in response to specific objections made by

the opposing party." *Interfaith Community Organization v. Honeywell Intern'l Inc.*, 426 F.3d 694, 711 (3d Cir. 2005).

The starting point of a district court's analysis is the lodestar amount, which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* (quoting *Hensley*, 461 U.S. at 433); *see also Public Interest Research Group of New Jersey, Inc. v. Windall*, 51 F.3d 1179, 1185 (3d Cir. 1995). "The Court may not make a finding of reasonableness based on a generalized sense of appropriateness, but must rely on the record." *Acosta v. Nat'l Packaging, Inc.*, No. 09-701, 2010 WL 3001191, at *8 (D.N.J. July 28, 2010) (citing *Evans v. Port Auth. of N.Y. & N.J.*, 273 F.3d 346, 361 (3d Cir. 2001)). In fact, "it is necessary that the Court go line, by line, by line through the billing records supporting the fee request" in order to satisfy the required reasonableness inquiry. *Evans*, 273 F.3d at 362 (internal quotation marks omitted).

### III. DISCUSSION

#### A. Due Process Requirements

Before addressing the parties' arguments as to the amount of attorneys' fees to be awarded, we will address the due process arguments raised by Ms. Bonjean in a footnote. (ECF No. 324 at 1 n.1). Ms. Bonjean asserts that "notice is required if a Court is going to sanction a lawyer for failing to carry out a task that she had no reason to believe she was obligated to complete." (*Id.*). Ms. Bonjean is correct as to the requirement for notice, but her implication that she did not receive notice prior to being sanctioned is incorrect.

As with other types of sanctions, "attorney's fees certainly should not be assessed lightly or without fair notice and an opportunity for a hearing on the record." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 767 (1980). "The Due Process Clause of the Fifth Amendment requires a

3

federal court to provide notice and an opportunity to be heard before sanctions are imposed on a litigant or attorney." *Martin v. Brown,* 63 F.3d 1252, 1262 (3d Cir. 1995); *see also Eash v. Riggins Trucking Inc.*, 757 F.2d 557, 570 (3d Cir. 1985). Due process requires the party against whom sanctions are considered to be given "particularized notice including, at a minimum, 1) the fact that . . . sanctions are under consideration, 2) the reasons why sanctions are under consideration, and 3) the form of sanctions under consideration." *Simmerman v. Corino*, 27 F.3d 58, 64 (3d Cir. 1994). The notice given must provide the party "the opportunity to mount a meaningful defense." *In re Tutu Wells Contamination Lit.*, 120 F.3d 368, 380 (3d Cir. 1997) (overruled on other grounds by *Comuso v. Nat'l R.R. Passenger Corp.,* 267 F.3d 331, 338–39 (3d Cir. 2001).

 Here, Ms. Bonjean was afforded notice and an opportunity to be heard prior to our Order imposing sanctions. Ms. Bonjean was first notified that a motion for attorneys' fees would be filed against her via an email from Defendant's counsel on August 6, 2021. (ECF No. 318-11 at 1–2).  Ms. Bonjean again received notice of the motion for sanctions against her when Defendant filed its Motion to Mark Judgment Satisfied on October 20, 2022, which included a request for attorneys' fees under 28 U.S.C. § 1927. (ECF No. 318). Ms. Bonjean responded to the Motion on December 1, 2022, and presented her arguments opposing Defendant's request for imposition of sanctions in the form of attorneys' fees. (ECF N0. 321 at 1–2). We note that Ms. Bonjean did not request a hearing before the Court on the matter of attorneys' fees. Because Ms. Bonjean received notice and an opportunity to be heard, we find that she received sufficient notice to satisfy the requirements of due process.

  **B.**  **Attorneys' Fees Calculations**

Defendant seeks a total of $4,602.00 in attorneys' fees in relation to the preparing and filing of the motion. (ECF No. 323-1 at 2). In support of this amount, Defendant submitted Exhibit A, which includes billing statements apparently sent by counsel to Defendant, as well as a list of hours performed (but apparently not yet billed) in December 2022. Defendant's counsel's hourly rate of $130.00 is established by resolution of the City Council (ECF No. 323-1 at 1), and Ms. Bonjean does not challenge this rate. Defendant provides evidence of a total of 33.30 hours spent litigating the Motion to Mark Judgment Satisfied. (ECF No. 323-2). Billed at the rate of $130.00 per hour, the total amount of attorneys' fees sought by Defendant comes to $4,329.00.

Ms. Bonjean challenges the number of hours spent litigating this matter as excessive. She argues that "defense counsels' consultations among themselves and their consultations with their clients are not related to the filing of a motion." (ECF No. 321 at 2). She notes that these consultations total 3.00 hours. (*Id.*). She also takes issue with a November 28, 2022 billing entry of 1.20 hours for "communicating with Plaintiff's attorney via email," which Ms. Bonjean argues is exaggerated. (*Id.* at 2–3). She argues that the hours spent on the tasks identified are generally excessive; for example, she argues that it does not take half an hour to review a Court's Order of Judgment. (*Id.* at 3). Similarly, she points out that defense counsel "claim that they spent over 13 hours researching this issue," which resulted in the submission of a five-page brief. (*Id.*). She points out that defense counsel billed over 24 hours total for researching, drafting, and filing their motion. (*Id.*). She argues that only 90 minutes would have been sufficient to conduct the research and writing needed for this motion. She urges the court to award attorneys' fees for only four hours total – a reduction of over 88%. (*Id.* at 4).

The number of hours used to calculate the lodestar must reflect the amount of time "reasonably expended on the litigation." *Hensley*, 461 U.S. at 433. Excessive, redundant, or unnecessary hours are not reasonably expended and should be excluded from the calculation. *Id.* at 434. We can only reduce hours "in response to specific objections made by the opposing party." *Interfaith*, 426 F.3d at 711. We agree with some of Ms. Bonjean's specific objections to the hours billed by Defendant's attorneys. The table in the Appendix ("App.") reflects the reductions to the hours of fees we will award to Defendant's attorneys, for the reasons we discuss below.

We agree with Ms. Bonjean that conferences with the attorney's client, and related communications regarding those conferences, were not reasonably expended in preparing and filing the motion. We therefore reduced the award by 0.50 hours, or $65.00 (App. Rows 8–9). Likewise, the attorneys' communications with the Clerk of this Court regarding the "status of decision on [the] motion," as well as the letter requesting expedited adjudication, were not necessary to the litigation. Accordingly, we reduced the award by 0.50 hours, or $65.00 (App. Rows 26, 31). We agree with Ms. Bonjean that it was not necessary for Defendant's attorneys to spend 1.20 hours writing emails to opposing counsel, as billed in a November 28, 2022 entry. We reduced that entry by one hour, or $130.00 (App. Row 28). We also agree that it was not necessary for Defendant's attorneys to spend 0.50 hours reviewing a clerk's letter and order certifying judgment, as billed in an August 11, 2021 entry. We reduced that entry by 0.30 hours, or $39.00 (App. Row 3). All hours expended *after* we granted the Motion to Mark Judgment Satisfied on December 12, 2022, were not necessary to litigate that Motion. We therefore reduced the award by 5.00 hours, or $650.00 (App. Rows 34–40).

As to the number of hours expended researching and drafting the motion, Ms. Bonjean requests a significant reduction to the 22.00 hours billed. She "is confident 90 minutes would have been sufficient to conduct the necessary research and writing of this simplistic and straightforward motion." While we agree it was not reasonable to expend 22.00 hours researching and preparing a five-page brief and four-page attorney certification on a relatively simple motion, we are not convinced, based solely on counsel's promise that she could have done it in less time, that we should reduce the time to only 1.50 hours. We find it was reasonable to spend one hour per page, that is, nine hours total. We therefore reduce the hours billed by 13.00 hours, or $1,690.00 (App. Rows 1, 5–7, 13, 16–18).

In total, we reduced the award by 20.30 hours, or $2,639.00. We award Defendant $1,690.00 in attorneys' fees, reflecting the 13.00 hours reasonably expended as a result of Ms. Bonjean's bad faith conduct.

## IV.   APPENDIX

| Row No. | Date | Description (First Words) | Hours | Original Cost | Reduction | Reduced Cost |
|---|---|---|---|---|---|---|
| 1 | 8/9/2021 | "Legal research . . ." | 1.20 | $156.00 | 1.00 | $26.00 |
| 2 | 8/9/2021 | "Reviewed file and emails . . ." | 0.50 | $65.00 | -- | $65.00 |
| 3 | 8/11/2021 | "Reviewed clerks letter . . ." | 0.50 | $65.00 | 0.30 | $26.00 |
| 4 | 8/11/2021 | "Research regarding satisfaction . . ." | 0.50 | $65.00 | -- | $65.00 |
| 5 | 8/12/2021 | "Research regarding motion . . ." | 2.30 | $299.00 | 2.00 | $39.00 |
| 6 | 8/12/2021 | "Research and reviewed . . ." | 1.40 | $182.00 | 1.00 | $52.00 |
| 7 | 8/12/2021 | "Prepared motion . . ." | 2.40 | $312.00 | 2.00 | $52.00 |
| 8 | 9/27/2021 | "Communicated with client . . ." | 0.30 | $39.00 | 0.30 | $0.00 |
| 9 | 9/29/2021 | "Conferenced with client . . ." | 0.20 | $26.00 | 0.20 | $0.00 |
| 10 | 10/7/2021 | "Reviewed email . . ." | 0.20 | $26.00 | -- | $26.00 |
| 11 | 10/13/2021 | "Conferenced with . . ." | 0.20 | $26.00 | -- | $26.00 |
| 12 | 10/19/2021 | "Communicated with . . ." | 0.20 | $26.00 | -- | $26.00 |
| 13 | 10/21/2021 | "Continued preparation . . ." | 1.80 | $234.00 | 1.00 | $104 |
| 14 | 10/21/2021 | "Reviewed file . . ." | 0.30 | $39.00 | -- | $39.00 |
| 15 | 10/22/2021 | "Prepared certification . . ." | 0.40 | $52.00 | -- | $52.00 |
| 16 | 10/25/2021 | "Continued research . . ." | 2.30 | $299.00 | 2.00 | $39.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 17 | 11/2/2021 | "Prepared and researched . . ." | 3.60 | $468.00 | 3.00 | $78.00 |
| 18 | 11/3/2021 | "Continued review . . ." | 2.20 | $286.00 | 1.00 | $156.00 |
| 19 | 12/13/2021 | "Continued preparation . . ." | 0.80 | $104.00 | -- | $104.00 |
| 20 | 8/25/2022 | "Reviewed email . . ." | 0.20 | $26.00 | -- | $26.00 |
| 21 | 8/25/2022 | "Reviewed and continued . . ." | 2.50 | $325.00 | -- | $325.00 |
| 22 | 8/25/2022 | "Prepared exhibits . . ." | 0.50 | $65.00 | -- | $65.00 |
| 23 | 8/29/2022 | "Continued to draft . . ." | 0.30 | $39.00 | -- | $39.00 |
| 24 | 8/29/2022 | "Prepared and finalized . . ." | 0.40 | $52.00 | -- | $52.00 |
| 25 | 8/29/2022 | "Finalized draft . . ." | 0.20 | $26.00 | -- | $26.00 |
| 26 | 11/23/2022 | "Spoke with court . . ." | 0.20 | $26.00 | 0.20 | $0.00 |
| 27 | 11/23/2022 | "Emailed . . ." | 0.20 | $26.00 | -- | $26.00 |
| 28 | 11/28/2022 | "Communicated with . . ." | 1.20 | $156.00 | 1.00 | $26.00 |
| 29 | 11/28/2022 | "Reviewed . . ." | 0.20 | $26.00 | -- | $26.00 |
| 30 | 12/1/2022 | "Revised brief . . ." | 0.30 | $39.00 | -- | $39.00 |
| 31 | 12/1/2022 | "Drafted letter . . ." | 0.30 | $39.00 | 0.30 | $0.00 |
| 32 | 12/1/2022 | "Reviewed . . ." | 0.30 | $39.00 | -- | $39.00 |
| 33 | 12/1/2022 | "Communicated with . . ." | 0.20 | $26.00 | -- | $26.00 |
| 34 | 12/14/2022 | "Reviewed order . . ." | 0.20 | $26.00 | 0.20 | $0.00 |
| 35 | 12/15/2022 | "Emailed client . . ." | 0.20 | $26.00 | 0.20 | $0.00 |
| 36 | 12/15/2022 | "Communicated with . . ." | 0.20 | $26.00 | 0.20 | $0.00 |
| 37 | 12/15/2022 | "Reviewed email . . ." | 0.10 | $13.00 | 0.10 | $0.00 |
| 38 | 12/29/2022 | "Drafted declaration . . ." | 1.50 | $195.00 | 1.50 | $0.00 |
| 39 | 12/29/2022 | "Reviewed billing . . ." | 1.80 | $234.00 | 1.80 | $0.00 |
| 40 | 12/29/2022 | "Researched relevant rules . . ." | 1.00 | $130.00 | 1.00 | $0.00 |

## V.   CONCLUSION

For the reasons expressed above, Defendant is awarded $1,690.00 in attorneys' fees. An Order follows.


Dated: 4/4/2023                                                           s/ Robert B. Kugler
                                                                          ROBERT B. KUGLER
                                                                          United State District Judge